The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion regarding Act 1293 of 1993, which is codified at A.C.A. §§ 20-78-601 to 604 (Supp. 1993). Pursuant to A.C.A. §§ 20-78-601(a), the name of each applicant for a license to own or operate a child care facility and the name of each person seeking employment in a licensed child care facility are required to be checked with the Arkansas Child Abuse Central Registry for reports of child abuse and neglect or maltreatment. Pursuant to A.C.A. § 20-78-602(a)(1), each applicant for a license to own or operate a child care facility is required to apply to the Arkansas State Police for a nationwide criminal records check, to be conducted by the FBI. Additionally, under A.C.A. § 20-78-602(b)(1), any person seeking employment, if that employment involves supervisory or disciplinary power over, or routine contact with, a child or children in any child care facility which is required to be licensed by the Child Care Facility Review Board, is required to apply to the Arkansas State Police for a nationwide criminal records check, to be conducted by the FBI. With regard to these requirements, you have posed the following questions:
 1. Are current employees of child care facilities required to submit to Arkansas Child Abuse Central Registry and criminal records checks when Sections 1(a) and 3(a) of Act 1293 of 1993, which are codified at A.C.A. §§ 20-78-601(a) 20-78-602(b)(1), refer to any person "seeking employment" in a licensed child care facility?
 2. Are the criminal records checks prescribed in Act 1293 of 1993 required of the following: (a) volunteers who are not on the child care payroll; (b) doctors called to child care facilities to administer physicals or present programs to parents; (c) other individuals and/or civic organizations volunteering to provide programs of interest to children and/or parents of children enrolled in a child care facility?
With regard to your first question, this office previously addressed an identical issue in Op. Att'y Gen. No. 93-324, a copy of which is enclosed. The conclusion reached in that opinion is that the criminal background checks referred to in Act 1293 of 1993 are not required of current employees of child care facilities.
With regard to your second question, this office also previously addressed some of the identical issues in the same opinion cited above. The conclusion reached in that opinion with regard to volunteers and other unpaid staff members at child care facilities is that the criminal background checks referred to in Act 1293 of 1993 are not required of volunteers or unpaid staff members currently working in child care facilities, regardless of whether they are considered employees of the facility. However, criminal background checks may be required of some persons applying to do volunteer work. The determination regarding which volunteers will be required to submit to the criminal background checks will depend on the amount of control which a child care facility will exercise over the volunteer's or unpaid staff member's work. For a more complete discussion regarding volunteers and other unpaid staff members in child care facilities, please refer to the opinion cited above.
One issue which you have posed in your second question was not addressed in Op. Att'y Gen. No. 93-324. That issue concerns doctors who are called to child care facilities to administer physicals to the children of the facilities. Although all other portions of your second question concern volunteers and other unpaid staff persons at child care facilities, I assume that your question with regard to doctors refers to services for which the doctors are paid. If I am correct in this assumption, it appears that the criminal background checks referred to in Act 1293 of 1993 would not be required of such persons. Since the work performed by doctors at child care facilities which you describe would not be subject to the control of the child care facility, it is my opinion that such work would not be considered "employment" for purposes of Act 1293. For a more complete discussion regarding the test for "employment," please refer to Op. Att'y Gen. No. 93-324, as cited above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure